UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22765-CIV-COOKE/BANDSTRA

EDILIO PEGUERO, and all others similarly
situated under 29 U.S.C. 216(B),

Plaintiff,

vs.                                              CONSENT CASE

ECO SERVICES & FILTERS, LLC f/k/a ROS
OPERATING COMPANY, LLC,

Defendant.
_____/

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court on (a) Plaintiff's Motion for Summary Judgment (D.E. 41) filed on May 12, 2011; and (b) Defendant's Motion for Summary Judgment (D.E. 47) filed on May 19, 2011. In brief summary, both parties seek a judicial ruling with respect to plaintiff's status as either an employee of ECO Services & Filters, LLC ("defendant") or, conversely, an independent contractor who, depending on the Court's ruling, would or would not be entitled to bring suit against defendant for unpaid overtime wages pursuant to the Fair Labor Standard Act. Seeking this ruling, both parties argue that there are no material facts in dispute on this issue. Following careful review of the pleadings, the full evidentiary record of this case, and applicable law, and after conducting a hearing on these motions on August 10, 2011, the Court finds material facts in dispute which require resolution at trial so that both summary judgment motions are DENIED.

## INTRODUCTION

This is an action for unpaid overtime wages brought by plaintiff, Edilio Peguero, against defendant, ECO Services and Filters, LLC, pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § § 201 et seq. Plaintiff seeks to recover damages for unpaid overtime hours allegedly worked while in defendant's employment as a cleaner of restaurant exhaust hoods between 2002 and 2010. The undisputed facts establish that defendant is a company that provides a variety of services to restaurants and food service business facilities including grease trap pumping, filter cleaning and exchange, and kitchen hood cleaning in Miami-Dade, and surrounding counties in South Florida. The facts are further undisputed that plaintiff worked as a kitchen hood cleaner servicing defendant's customers for at least three years prior to the filing of this lawsuit. Both parties present conflicting evidence with respect to the issue of whether plaintiff worked for defendant as an employee or as in an independent contractor during the relevant time period.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides for summary judgment when all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex*,

the seminal case concerning summary judgment, the Supreme Court explained that

> the plain language of Rule 56(c) *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 322-23, 106 S. Ct. 2548 (emphasis added). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that might affect the outcome of the case. *See Id.* at 248, 106 S.Ct. 2505. For factual issues to be considered genuine, they must have a real basis in the record. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact; the burden then shifts to the non-movant to come forward with specific facts on each essential element of his claims by showing that there is a genuine issue for trial such that a reasonable jury could find in his favor. *See Id.* "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby, Inc.*, 477 U.S. at 252, 106 S.Ct. 2505.

In considering a motion for summary judgment the court is not to decide issues of material fact, but rather to determine whether such issues exist to be tried. *See Id.* at 249,

106 S.Ct. 2505. The court must avoid weighing conflicting evidence and making credibility determinations. *See Id.* at 255, 106 S.Ct. 2505. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *See id.* Thus, in resolving the instant motions, the Court's task is to determine whether, considering the evidence in the light most favorable to the non-moving parties, there is evidence on which a jury could reasonably find a verdict in their respective favors. *See id.* at 252, 196 S. Ct. 2505; *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir 1997).

## ANALYSIS

The primary issue in these cross motions for summary judgment is whether plaintiff should be considered an "employee" of defendant entitled to protection under the FLSA or an "independant contractor" without such protection. Federal law clearly establishes that a determination of employment status under the FLSA is a question of law. *See Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996), *Brouwer v. Metropolitan Dade County*, 139 F.3d 817, 818 (11th Cir. 1998) (citing *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). Subsidiary findings, however, are considered issues of fact. *See Patel v. Wargo*, 803 F.2d 632, 634 n.1 (11th Cir. 1986).

The FLSA vaguely explains what is meant by the term "employee." *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1188 (5th Cir. 1979). For example, 29 U.S.C. § 203(e)(1) defines an "employee" as "any individual employed by an employer." An "employer," in turn, includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To "employ" is defined as to

"suffer or permit to work." 29 U.S.C. § 203(g). Whether an employment relationship exists under the FLSA must be judged by the "economic realities" of the individual case and not by traditional common-law principles. See Antenor, 88 F.3d at 929; *Donovan v. New Floridian Hotel*, 676 F.2d 468, 470 (11th Cir. 1982). See also *Nationwide Mutural Insurance Co. v. Darden*, 503 U.S. 318, 325-26, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (explaining that the definition of employ in the FLSA is expansive and collecting cases). The touchstone of "economic reality" in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency. The courts look at all of the surrounding circumstances of the "whole activity" to determine whether the putative employee is economically dependent upon the alleged employer. *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961); *Aimable v. Long & Scott Farms*, 20 F.3d 434, 439 (11th Cir. 1994); *Harrell v. Diamond A Entm't., Inc.*, 992 F.Supp. 1343, 1348 (M.D. Fla. 1997). Whether or not the parties intended to create an employment relationship is irrelevant. See *Donovan*, 676 F.2d at 471 (citing *Brennan v. Partida*, 492 F.2d 707, 709 (5th Cir. 1974)). Likewise, merely labeling an individual as an employee or an independent contractor is not dispositive. See *Rutherford Food*, 331 U.S. at 729, 67 S.Ct. 1473 ("Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Act.") In other words, courts look to see whether the putative employee depends (or depended) on the alleged employer for his economic livelihood based upon the parties' actual working relationship. *Antenor*, 88 F.3d at 937-38.

In applying the "economic realities" test, the courts have identified a number of

factors which are useful in distinguishing employees from independent contractors. These factors include:

(1) the nature and degree of control of the workers by the alleged employer;

(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

(3) the alleged employee's investment in equipment or materials required for his task, or this employment of helpers;

(4) whether the service rendered requires a special skill;

(5) the degree of permanence of the working relationship; and

(6) whether the service rendered is an integral part of the alleged employer's business.

*Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th cir. 1979) (footnote omitted). No one factor is controlling, nor is the list exhaustive. The factors simply summarize the matters deemed relevant by the Supreme Court in *Bartels v. Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947), *United States v. Silk,* 331 U.S. 704, 716, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947), and *Rutherford Food*, 331 U.S. at 729, 67 S.Ct. 1473, to help gauge the degree of dependence of an alleged employee on the business with which they are connected. The weight of each factor depends on the light it sheds on the putative employee's dependence on the alleged employer, which in turn depends on the facts of the case. See *Antenor,* 88 F.3d at 933.

A review of a number of these factors in the instant case reveals that material issues of fact exist with regard to whether plaintiff was an "employee" of defendant entitled to

FLSA protection. Plaintiff, in arguing that he was an employee, relies primarily on his two affidavits submitted in support of his motion, in which he attests that he "worked for" defendant between 2002 and 2010 cleaning kitchen hoods and stoves for defendant's clients/customers. Plaintiff acknowledges that he was trained and supervised by Osnel Penate, who routinely informed plaintiff when and where he was to work on a given day which, in turn, determined the number of hours he worked each day and during a particular pay period. Plaintiff believes that Penate was also employed by defendant rather than an "independent contractor" not subject to defendant's control. Plaintiff believes that he was subject to the defendant's work rules and needed permission from defendant to take time off from work. Plaintiff also testifies that he was "hired directly through the company" and that defendant was in control of the hours he worked and the locations of his work assignments. Plaintiff frequently traveled to work assignments with Penate in a truck owned by defendant and used defendant's equipment to perform their work duties. Plaintiff also believes that defendant determined his rate of pay and issued his payroll check. Plaintiff acknowledges Penate's role as his primary supervisor but recalls that Jorge Benejam defendant's general manager, occasionally came to work sites, observed his work and provided additional supervision.

Defendant contests the veracity of plaintiff's affidavits[1], and presents its own evidence in support of its position that plaintiff was not its "employee" but rather an

---

[1] Defendant has moved to strike all or portions of plaintiff's affidavits submitted after his deposition based on inconsistencies between statements in the affidavits and his deposition testimony as well as internal inconsistencies within the affidavits themselves, lack of foundation for facts asserted therein, and other grounds. The Court addresses these motions by separate court order.

independent contractor who provided cleaning services to defendant's customers with Osnel Penate. Specifically, defendant presents two affidavits from Jorge Benejam, its general manager, who has personal knowledge of defendant's operations including its hood cleaning services. Mr. Benejam testifies that defendant subcontracts such services with independent contractors because most hood cleaning jobs are performed outside of defendant's normal business hours so that defendant has no means available to control this service. Mr. Benejam recalls entering into an oral contract with Osnel Penate sometime before 2006 which gave Penate the exclusive right to service defendant's customers in exchange for a percentage of the hood cleaning fees charged by defendant to its customer. Penate was permitted to hire helpers, such as plaintiff, to perform hood cleaning services but "it was understood" that Penate would be responsible to pay them. Penate was also allowed to use defendant's truck due to the odd hours he worked and the need to have a vehicle capable of transporting chemicals and other equipment required for hood cleaning services.

Mr. Benejam further attests that defendant, in 2006, "formalized" its relationship with Penate by executing written independent contractor agreements signed by both Penate and plaintiff. A copy of this agreement, attached as an exhibit to Benejam's declarations, appears to bear the initials and signature of Edilio Peguero. In this agreement, plaintiff acknowledged that he was not an employee of defendant and that Penate and plaintiff would be responsible for the methods and manner of carrying out their work as well as paying their own business expenses. Plaintiff acknowledged at his deposition that he filed federal income tax returns in and after 2006 in which he claimed to be self employed and listed his business expenses as deductions. Defendant provided paychecks to plaintiff

8

during the relevant time period without withholding any tax deductions and issued "1099" forms each year to plaintiff rather than "W-2's" typically used for its employees.

Reviewing this and similar evidence in this case, the Court finds that there are material issues of fact in dispute regarding the nature and degree of control exerted by defendant over plaintiff and his economic dependency on defendant critical to a determination of whether plaintiff was defendant's employee for FLSA purposes. These factual disputes, as well as others relevant to the number of hours worked by plaintiff and his compensation for such work, can only be decided by a jury at trial. Accordingly, the Court determines that both plaintiff's and defendant's motions for summary judgment must be DENIED.

DONE AND ORDERED in Chambers, at Miami, Florida this 6th day of October, 2011.

/s/ Ted E. Bandstra
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Marcia G. Cooke
All counsel of record